UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Sheaundra Graves, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:24-cv-1753 |
| | ) |
| Midland Credit Management, Inc., | ) |
| a Kansas corporation, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO COMPLAINT

Defendant Midland Credit Management, Inc. ("Midland"), for its Answer to the Complaint, states and alleges as follows:

In response to the opening unnumbered paragraph, Midland admits plaintiff purports to bring this action for alleged violations the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., but denies any violations, wrongdoing or liability and further denies that plaintiff is entitled to any relief.

### JURISDICTION AND VENUE

1. In response to paragraph number 1 of Plaintiff's complaint, Midland states the allegation constitutes a legal conclusion, to which no response is required.

2. In response to paragraph number 2 of Plaintiff's complaint, Midland states the allegation constitutes a legal conclusion, to which no response is required.

## PARTIES

3. In response to paragraph number 3 of Plaintiff's complaint, Midland, upon information and belief, admits Plaintiff is a citizen of the State of Indiana. Midland admits that it has taken efforts to recover the unpaid account in question, but lacks information or knowledge sufficient to admit or deny the remainder of the allegations, including whether the account was a "consumer debt" and, therefore, denies the same.

4. In response to paragraph number 4 of Plaintiff's complaint, Midland admits it is a Kansas corporation. The remaining allegations contain legal conclusions to which no response is required.

5. In response to paragraph number 5 of Plaintiff's complaint, Midland states the allegations constitute a legal conclusion to which no response is required.

6. In response to paragraph number 6 of Plaintiff's complaint, Midland states the allegations constitute a legal conclusion to which no response is required.

7. In response to paragraph number 7 of Plaintiff's complaint, Midland admits that it is authorized to, and does, conduct business in Indiana.

## FACTUAL ALLEGATIONS

8. In response to paragraph number 8 of Plaintiff's complaint, Midland is without information sufficient to either admit or deny the status of Plaintiff's financial condition as stated, and therefore denies the same. Responding to the second sentence of Paragraph 8, Midland admits that it has taken efforts to recoup the unpaid sums Plaintiff owes on the account in question.

9. In response to paragraph number 9 of Plaintiff's complaint, Midland does not dispute that the FDCPA provides a person with certain rights. Midland is without information sufficient to either admit or deny that Plaintiff sent the letters referenced in the complaint, as the letters appears as form letters sent by various credit repair and debt relief organizations throughout the country and therefore denies the same. Midland further states that the letters attached to the complaint speak for themselves and denies any characterization inconsistent therewith.

10. In response to paragraph number 10 of Plaintiff's complaint, Midland admits that the letters referenced in the complaint were addressed to Midland. Midland further states that the letters attached to the complaint speak for themselves and denies any characterization inconsistent therewith.

11. In response to paragraph number 11 of Plaintiff's complaint, Midland admits that it placed the telephone call listed in Exhibit E of the Complaint. Responding further, Midland states that the document found at Exhibit E attached to the complaint speaks for itself. Midland denies any violations of the FDCPA and, therefore denies the remainder of the allegations contained in Paragraph 11. Midland further denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

12. In response to paragraph number 12 of Plaintiff's complaint, Midland states the allegation constitutes a legal conclusion, to which no response is required. To the extent that a response is required, Midland denies any violations of the FDCPA and, therefore denies the remainder of the allegations contained in Paragraph 12. Midland further denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this

matter. Midland further denies that plaintiff has experienced any injury or is entitled to any of the relief demanded in this matter.

## ARTICLE III STANDING

13. In response to paragraph number 13 of Plaintiff's complaint, Midland states that the FDCPA speaks for itself and denies any characterization inconsistent therewith.

14. In response to paragraph number 14 of Plaintiff's complaint, Midland states that the FDCPA speaks for itself and denies any characterization inconsistent therewith.

15. In response to paragraph number 15 of Plaintiff's complaint, Midland states the allegation constitutes a legal conclusion, to which no response is required. To the extent that a response is required, Midland denies any violations of the FDCPA and, therefore denies the remainder of the allegations contained in Paragraph 15. Midland further denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

16. In response to paragraph number 16 of Plaintiff's complaint, Midland denies any violations of the FDCPA and lacks information or knowledge as to Plaintiff's claimed damages, leaving Plaintiff to her strict proof thereof. Midland further denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

17. In response to paragraph number 17 of Plaintiff's complaint, Midland denies any violations of the FDCPA and Midland lacks information or knowledge as to what Plaintiff refers to by "Defendant's collection actions complained of herein" and, therefore, Defendant denies the allegations contained in Paragraph 17.

**Alleged Violation of 1692c(a)(1) of the FDCPA – Communicating With a Consumer At Time Known To Be Inconvenient**

18. In response to paragraph number 18 of Plaintiff's complaint, Midland states that the FDCPA speaks for itself and denies any characterization inconsistent therewith.

19. 15. In response to paragraph number 19 of Plaintiff's complaint, Midland states the allegation constitutes a legal conclusion, to which no response is required. To the extent that a response is required, Midland denies any violations of the FDCPA and, therefore denies the remainder of the allegations contained in Paragraph 19. Midland further states that Plaintiff initiated communications to Midland between 8AM and 9PM, confirming that such communications during this time period were not inconvenient. Midland further denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

20. In response to paragraph number 20 of Plaintiff's complaint, Midland denies the allegations.

**PRAYER FOR RELIEF**

In response to the "WHEREFORE" clause, Defendant Midland Credit Management, Inc. denies Plaintiff is entitled to any of the relief sought therein, including each subpart. Midland respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety and with prejudice and award Defendant Midland Credit Management, Inc. its reasonable attorneys' fees and costs incurred in defending this action, deny any and all of Plaintiff's other requested damages, fees, and costs, and award Midland any other legal

and equitable relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant Midland Credit Management acknowledges Plaintiff's demand for a trial by jury.

## ADDITIONAL DEFENSES

1. Midland alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Midland alleges that, to the extent that any violations are established, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3. Midland denies any liability; however, regardless of liability, Midland alleges Plaintiff has suffered no damages as a result of Midland's purported violations.

4. Midland alleges Plaintiff failed to mitigate her claimed damages.

5. Midland alleges Plaintiff's claims are barred by the doctrines of waiver and estoppel

6. Midland alleges Plaintiff's claims are barred by the doctrine of unclean hands.

7. Midland alleges that it acted at all times in good faith and in compliance with the law.

Midland reserves the right to assert additional defenses as discovery and investigation continues.

                Respectfully submitted,

                **BASSFORD REMELE**
                *A Professional Association*

Dated: December 10, 2024    By: */s/ Patrick D. Newman*
                Patrick D. Newman (MN #395864)
                100 South 5th Street, Suite 1500
                Minneapolis, MN  55402
                Telephone: (612) 333-3000
                Facsimile: (612) 333-8829
                Email: pnewman@bassford.com

                ***Attorneys for Midland Credit Management, Inc.***

## CERTIFICATE OF SERVICE

I certify that on December 10, a copy of the foregoing answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

David J. Philipps
Mary E. Philipps
Angie K. Robertson
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street, Suite D1
Indianapolis, Indiana 46227
John@johnsteinkampandassociates.com

                */s/ Patrick D. Newman*
                Patrick D. Newman

4911-6733-4144, v. 1